IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| | CRIMINAL ACTION |
| v. | NO. 4:11-CR-004-HLM-WEJ |
| SILVERIO PIEDRA DUKE, | |
| Defendant. | |

**NON-FINAL REPORT AND RECOMMENDATION**

Pending before the Court is defendant Silverio Piedra Duke's Motion to Dismiss on Speedy Trial Grounds [22]. The undersigned **REPORTS** that Mr. Duke is not entitled to relief under either the Speedy Trial Act or the Sixth Amendment, and, therefore, **RECOMMENDS** that his Motion to Dismiss be **DENIED**.

**I.    BACKGROUND**

In August 2010, Polk County officials arrested defendant, holding him in the Polk County Jail. (Indict. [1].)

On September 9, 2010, a federal grand jury indicted defendant on two counts–illegal re-entry in violation of 8 U.S.C. §§1326(a) and (b)(2), and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). (Indict.) At that time, defendant remained in the custody of Polk

County officials on state charges related to the above counts. (Gov't Resp. Opp'n [25] 2.) The Government filed the Indictment in the Court's Atlanta Division (Criminal Action No. 1:10-CR-388-UNA), and issued a federal detainer on that same date to notify Polk County officials of the pending federal charges. (Id. at 1-2; Mot. Dismiss ¶ 4; Praecipe [3].)

On January 27, 2011, the Government moved to change the venue of defendant's case from the Court's Atlanta Division to the Rome Division. (Gov't Mot. Change Venue [7].) On February 2, 2011, the Honorable Charles A. Pannell, Jr. granted that Motion. (Order of Feb. 2, 2011 [9].)

On February 2, 2011, the Clerk transferred the case and assigned it to the Honorable Harold L. Murphy. On February 3, 2011, defendant made an initial appearance before this Court and the Government took custody of him. (Hr'g Minute Entry, Feb. 3, 2011 [12]; Gov't Resp. Opp'n 2.) The Court appointed Mr. Duke counsel, arraigned him, and accepted his plea of not guilty. (Plea [12-1].)

On February 28, 2011, Mr. Duke filed motions to suppress both evidence [19] and statements [20].

On March 2, 2011, defendant filed the instant Motion to Dismiss on Speedy Trial Grounds.

## II.  DISCUSSION

Mr. Duke argues that the delay between his arrest, indictment, and arraignment violated his rights under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., and the Sixth Amendment. (Mot. to Dismiss ¶ 6.) The Government argues that the Speedy Trial Act is not applicable to defendant because he was not detained via a federal arrest. (Gov't Resp. Opp'n 2.) The Government acknowledges that the Sixth Amendment right to a speedy trial applies in the instant case, but argues that the five-month delay between Mr. Duke's Indictment and arraignment was modest and did not prejudice him. (Id. at 2-4.)

### A.  The Speedy Trial Act Does Not Apply to Defendant

Section 3161 of the Speedy Trial Act sets forth the following deadlines for issuing a charging document pursuant to an arrest and for trial:

> (b) Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.
>
> (c)(1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date

3

> (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent.

18 U.S.C.§§ 3161(b)-(c)(1).

The Eleventh Circuit held in United State v. Shahryar, 719 F.2d 1522 (11th Cir. 1983) (per curiam), that the arrest-to-indictment time limit of subsection (b) begins when a person is "held for the purpose of answering a federal charge." 719 F.2d at 1524-25. The Circuit explained that, "if one is held by state officers on a state charge and subsequently turned over to federal authorities for federal prosecution, the starting date for purposes of the Act is the date that the defendant is delivered into federal custody." Id. at 1525; accord United States v. Hatcher, 300 F. App'x 659, 661 (11th Cir. 2008) (per curiam). A detainer alone, without federal custody, does not constitute a federal arrest for the purposes of § 3161(b). Shahryar, 719 F.2d at 1525 n.3.

The delay between defendant's state arrest, federal indictment, arraignment, and trial does not violate the Speedy Trial Act. First, the thirty-day time limit set forth in § 3161(b) does not apply to the period between Mr. Duke's August 2010

4

arrest by Polk County officials and the September 2010 federal indictment and detainer. Moreover, the Government did not take Mr. Duke into custody until his initial appearance and arraignment before the Court on February 3, 2011. Second, the majority of the days from defendant's arraignment to date are excludable from the seventy-day period in which to hold a trial set forth in § 3161(c)(1). On February 28, 2011, defendant filed pretrial motions which remain pending, as an additional evidentiary hearing is required. (Hr'g Minute Entry, Apr. 21, 2011 [26] (record remains open).) The delay resulting from those pretrial motions is excludable pursuant to § 3161(h)(1)(D). Thus, seventy days have not elapsed since defendant first appeared before the Court on February 3, 2011. Accordingly, the undersigned **RECOMMENDS** that defendant's Motion to Dismiss based on alleged Speedy Trial Act violations be **DENIED**.

### B.     Defendant's Sixth Amendment Rights Have Not Been Violated

The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The Supreme Court has identified the following four factors to consider in determining whether a defendant has been deprived of his right to a speedy trial: (1) whether the delay before trial was uncommonly long; (2) whether the government

5

or the defendant is more to blame for that delay; (3) whether, in due course, the defendant asserted his right to a speedy trial; and (4) whether the defendant suffered prejudice as a result of the delay. Doggett v. United States, 505 U.S. 647, 651 (1992) (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)).[1]

When balancing the Barker factors, courts must articulate "how heavily each factor weighs against the identified party." United States v. Ingram, 446 F.3d 1332, 1336 (11th Cir. 2006). In the Eleventh Circuit, "'a defendant generally must show actual prejudice unless the first three factors . . . all weigh heavily against the government.'" Dunn, 345 F.3d at 1296 (quoting United States v. Register, 182 F.3d 820, 827 (11th Cir. 1999)); see also Ingram, 446 F.3d at 1336. Additionally, "the first factor serves a triggering function; unless some presumptively prejudicial period of delay occurred, [the Court] need not conduct the remainder of the analysis." Dunn, 345 F.3d at 1296 (internal citations omitted). A delay is considered presumptively prejudicial as it approaches one year. Doggett, 505 U.S. at 651-52 & n.1.

---

[1] Courts refer to these factors as the "Barker factors." See, e.g., United States v. Dunn, 345 F.3d 1285, 1296 (11th Cir. 2003).

6

Due, in part, to the five-month period between the return of the Indictment and defendant's arraignment, Mr. Duke likely will not be tried until approximately twelve months after the September 9, 2010 Indictment. Assuming that to be the case, such delay would be presumptively prejudicial. However, it does not weigh heavily against the Government, as it is short relative to the delay in other cases where courts have found no Sixth Amendment speedy trial violation. See, e.g., United States v. Clark, 83 F.3d 1350, 1354 (11th Cir. 1996) (per curiam) (finding seventeen-month delay between indictment and arrest due to Government negligence insufficient to excuse defendant).

The second Barker factor, whether the Government or the defendant is more to blame for the delay, weighs against the Government. After the Government filed the Indictment on September 9, 2010, the Clerk failed to assign the case to a District Court Judge. Indeed, the case remained unassigned until February 2, 2011, at which point the Clerk assigned it to Judge Murphy in conjunction with the Government's motion to change venue to the Rome Division. That delay, coupled with Mr. Duke's pending suppression motions, has delayed his trial. Because the Government and the Court have an affirmative constitutional obligation to try Mr. Duke in a timely manner, this factor weighs against the Government. However, as the delay resulted

7

from an administrative mishap or negligence, it does not weigh heavily against the Government. See Barker, 407 U.S. at 531 ("A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.").

The third factor (i.e., whether the defendant asserted his right to a speedy trial) weighs heavily against the Government, as defendant asserted his right on March 2, 2011–one month after the Court appointed him counsel upon his initial appearance. See Ingram, 446 F.3d at 1340 (finding this factor weighed heavily against Government where defendant did everything that he should to assert his right to a speedy trial).

Because the first three Barker factors do not uniformly weigh heavily against the Government, Mr. Duke must demonstrate actual prejudice. Dunn, 345 F.3d at 1296; United States v. Harris, 376 F.3d 1282, 1290 (11th Cir. 2004). He may do so by showing "(1) oppressive pretrial incarceration, (2) anxiety and concern of the accused, and (3) possibility that [his] defense will be impaired." Dunn, 345 F.3d at 1296 (internal citations omitted).

8

During the five-month period between the federal Indictment and arraignment, Polk County officials held defendant on state charges; thus, he cannot demonstrate "that the conditions under which he was held or the length of his confinement rendered the delay a constitutional violation." See Dunn, 345 F.3d at 1297. Likewise, Mr. Duke does not argue that his pretrial detention has been oppressive, or that he suffered anxiety and concern while in state custody awaiting federal arraignment. Moreover, in the instant Motion to Dismiss, Mr. Duke stated that he was "currently in the process of assessing the prejudice he suffered" (Mot. Dismiss ¶ 7), and "reserve[d] the right to amend the motion as additional information concerning the delay and prejudice [became] fully apparent through continued investigation of the case." (Id. ¶ 8.) Despite having adequate time to do so, Mr. Duke has not amended the Motion to demonstrate what impairment, if any, he suffered. Defendant's mere conclusory allegation that the delay "violated his right to a speedy trial" (Id. ¶ 6) is insufficient to show actual prejudice. See Clark, 83 F.3d at 1354. The Court therefore concludes that Mr. Duke's defense has not been impaired by the five-month delay, and that he has suffered no actual prejudice as a result.

9

In sum, defendant has failed to demonstrate that the first three <u>Barker</u> factors weigh heavily against the Government, or that he suffered "actual prejudice" as a result of the delay, the fourth <u>Barker</u> factor.  Accordingly, the undersigned **RECOMMENDS** that defendant's Motion to Dismiss based on his Sixth Amendment claim be **DENIED**.

### III.   <u>CONCLUSION</u>

For the reasons discussed above, the undersigned **RECOMMENDS** that defendant's Motion to Dismiss on Speedy Trial Grounds [22] be **DENIED**.

**SO RECOMMENDED**, this 27th day of April, 2011.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

10

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | CRIMINAL ACTION |
| v. | NO. 4:11-CR-004-HLM-WEJ |
| SILVERIO PIEDRA DUKE, | |
| Defendant. | |

**ORDER FOR SERVICE OF**
**NON-FINAL REPORT AND RECOMMENDATION**

Let this Non-Final Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B) and the Court's Local Criminal Rule 58.1A(3)(a) and Fed. R. Crim. P. 59, be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Non-Final Report and Recommendation within fourteen days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing

AO 72A
(Rev.8/82)

for review by the District Court.  Failure to object to this Non-Final Report and Recommendation waives a party's right to review.  Fed. R. Crim. P. 59(b)(2).

The Clerk is **DIRECTED** to submit the Non-Final Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED,** this 27th day of April, 2011.

　　　　　　　　　　　　　　　　　　　　　
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

2