IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF
AMERICA

v.

SILVERIO PIEDRA
DUKE.

CRIMINAL ACTION NO.
4:11-CR-004-01-HLM

## ORDER

This case is before the Court on Defendant's Motion to Dismiss on Speedy Trial Grounds ("Motion to Dismiss") [22], on the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [27], and on Defendant's Objections to the Non-Final Report and Recommendation [28].

# I. Standard Governing Review of a Report and Recommendation

28 U.S.C.A. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.A. § 636(b)(1). The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely

2

objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review regardless of whether a party specifically objects. United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Background

In August 2010, Polk County officials arrested Defendant and detained him in the Polk County Jail. (Docket Entry No. 1.) On September 9, 2010, a federal grand jury sitting in the Northern District of Georgia returned a two-count Indictment against Defendant. (Id.) Count one of the Indictment charged Defendant with illegal re-entry, in

violation of 8 U.S.C. §§1326(a) and (b)(2). (Id.) Count two of the Indictment charged Defendant with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). (Id.) At that time, Defendant remained in the custody of Polk County officials on state charges related to the above counts. (Gov't Resp. Opp'n Def.'s Mot. Dismiss at 2.) The Government filed the Indictment in the Court's Atlanta Division, Criminal Action No. 1:10-CR-388-UNA, and issued a federal detainer on that same date to notify Polk County officials of the pending federal charges. (Id. at 1-2; Mot. Dismiss ¶ 4; Docket Entry No. 3.) The Atlanta Clerk's Office apparently never assigned the case to a United States District Judge.

4

On January 27, 2011, the Government moved to change the venue of this case to the Rome Division. (Docket Entry No. 7.) On February 2, 2011, United States District Judge Charles A. Pannell, Jr. granted that Motion. (Order of Feb. 2, 2011.)

On February 2, 2011, the Clerk transferred the case to the Rome Division and assigned it to the undersigned. (First Unnumbered Docket Entry Dated Feb. 2, 2011.) On February 3, 2011, Defendant made an initial appearance before this Court, and the Government took custody of Defendant. (Docket Entry No. 12.) On that same day, United States Magistrate Judge Walter E. Johnson appointed counsel for Defendant, arraigned Defendant, and

accepted Defendant's plea of not guilty. (Docket Entry Nos. 12-13.)

On February 28, 2011, Defendant filed Motions to Suppress evidence and statements. (Docket Entry Nos. 19-20.) On March 2, 2011, Defendant filed his Motion to Dismiss. (Docket Entry No. 22.)

On April 27, 2011, Judge Johnson issued his Non-Final Report and Recommendation. (Docket Entry No. 27.) Judge Johnson recommends that the Court deny Defendant's Motion to Dismiss. (Id.)

Defendant has filed Objections to the Non-Final Report and Recommendation. (Docket Entry No. 28.) The Court consequently finds that this matter is ripe for resolution by the Court.

6

## III. Discussion

Defendant argues that the delay between his arrest, indictment, and arraignment violated his rights under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., and the Sixth Amendment. For the reasons discussed in Judge Johnson's thorough and well-reasoned Non-Final Report and Recommendation, the Court finds that the Speedy Trial Act does not apply to Defendant, because Defendant was in state custody during the period between his August 2010 arrest by Polk County officials and the September 2010 federal indictment and detainer, and because the Government did not take Defendant into custody until his February 3, 2011 initial appearance and arraignment. (Non-

Final Report & Recommendation at 3-5.)¹ Further, as
Judge Johnson notes, "the majority of the days from
[D]efendant's arraignment to date are excludable from the
seventy-day period in which to hold a trial set forth in §
3161(c)(1)." (Id. at 5.) Judge Johnson correctly recognized
that Defendant filed pretrial motions that require an
evidentiary hearing, which remain pending, and that the
delay resulting from those pretrial motions is excludable
under to 18 U.S.C. § 3161(h)(1)(D). (Id.) The Court
consequently agrees with Judge Johnson that, for purposes
of the Speedy Trial Act, "seventy days have not elapsed
since [D]efendant first appeared before the Court on

¹In his Objections, Defendant states: "Under the factual
scenario presented in this case[, Defendant] agrees that the
statutory Speedy Trial Act is inapplicable." (Def.'s Objs. Report &
Recommendation at 2.)

February 3, 2011." (Id.) Defendant thus is not entitled to

dismiss this case on Speedy Trial Act grounds, and the

Court denies the portion of Defendant's Motion to Dismiss

that relies on the Speedy Trial Act. (Id.)

The Court also agrees with Judge Johnson that

Defendant has not suffered a violation of his Sixth

Amendment rights. (Non-Final Report & Recommendation

at 5-10.) As Judge Johnson noted:

> The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The Supreme Court has identified the following four factors to consider in determining whether a defendant has been deprived of his right to a speedy trial: (1) whether the delay before trial was uncommonly long; (2) whether the government or the defendant is more to blame for that delay; (3) whether, in due course, the defendant asserted his right to a speedy trial; and (4) whether the defendant suffered prejudice as a

9

result of the delay. Doggett v. United States, 505 U.S. 647, 651 (1992) (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)).

When balancing the Barker factors, courts must articulate "how heavily each factor weighs against the identified party." United States v. Ingram, 446 F.3d 1332, 1336 (11th Cir. 2006). In the Eleventh Circuit, "'a defendant generally must show actual prejudice unless the first three factors . . . all weigh heavily against the government.'" Dunn, 345 F.3d at 1296 (quoting United States v. Register, 182 F.3d 820, 827 (11th Cir. 1999)); see also Ingram, 446 F.3d at 1336. Additionally, "the first factor serves a triggering function; unless some presumptively prejudicial period of delay occurred, [the Court] need not conduct the remainder of the analysis." Dunn, 345 F.3d at 1296 (internal citations omitted). A delay is considered presumptively prejudicial as it approaches one year. Doggett, 505 U.S. at 651-52 & n.1.

Due, in part, to the five-month period between the return of the Indictment and defendant's arraignment, [Defendant] likely will not be tried until approximately twelve months after the September 9, 2010 Indictment. Assuming that to

be the case, such delay would be presumptively prejudicial. However, it does not weigh heavily against the Government, as it is short relative to the delay in other cases where courts have found no Sixth Amendment speedy trial violation. See, e.g., United States v. Clark, 83 F.3d 1350, 1354 (11th Cir. 1996) (per curiam) (finding seventeen-month delay between indictment and arrest due to Government negligence insufficient to excuse defendant).

The second Barker factor, whether the Government or the defendant is more to blame for the delay, weighs against the Government. After the Government filed the Indictment on September 9, 2010, the Clerk failed to assign the case to a District Court Judge. Indeed, the case remained unassigned until February 2, 2011, at which point the Clerk assigned it to Judge Murphy in conjunction with the Government's motion to change venue to the Rome Division. That delay, coupled with [Defendant's] pending suppression motions, has delayed his trial. Because the Government and the Court have an affirmative constitutional obligation to try [Defendant] in a timely manner, this factor weighs against the Government. However, as the delay resulted from an administrative mishap or negligence, it does

11

not weigh heavily against the Government. <u>See</u> <u>Barker</u>, 407 U.S. at 531 ("A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.").

The third factor (i.e., whether the defendant asserted his right to a speedy trial) weighs heavily against the Government, as [D]efendant asserted his right on March 2, 2011–one month after the Court appointed him counsel upon his initial appearance. <u>See</u> <u>Ingram</u>, 446 F.3d at 1340 (finding this factor weighed heavily against Government where defendant did everything that he should to assert his right to a speedy trial).

Because the first three <u>Barker</u> factors do not uniformly weigh heavily against the Government, [Defendant] must demonstrate actual prejudice. <u>Dunn</u>, 345 F.3d at 1296; <u>United States v. Harris</u>, 376 F.3d 1282, 1290 (11th Cir. 2004). He may do so by showing "(1) oppressive pretrial incarceration, (2) anxiety and concern of the accused, and (3) possibility that [his] defense will be impaired." <u>Dunn</u>, 345 F.3d at 1296 (internal citations omitted).

During the five-month period between the federal Indictment and arraignment, Polk County officials held [D]efendant on state charges; thus, he cannot demonstrate "that the conditions under which he was held or the length of his confinement rendered the delay a constitutional violation." See Dunn, 345 F.3d at 1297. Likewise, [Defendant] does not argue that his pretrial detention has been oppressive, or that he suffered anxiety and concern while in state custody awaiting federal arraignment. Moreover, in the instant Motion to Dismiss, [Defendant] stated that he was "currently in the process of assessing the prejudice he suffered" (Mot. Dismiss ¶ 7), and "reserve[d] the right to amend the [M]otion as additional information concerning the delay and prejudice [became] fully apparent through continued investigation of the case." (Id. ¶ 8.) Despite having adequate time to do so, [Defendant] has not amended the Motion to demonstrate what impairment, if any, he suffered. Defendant's mere conclusory allegation that the delay "violated his right to a speedy trial" (Id. ¶ 6) is insufficient to show actual prejudice. See Clark, 83 F.3d at 1354. The Court therefore concludes that [Defendant's] defense has not been impaired by the five-month delay, and that he has suffered no actual prejudice as a result.

13

In sum, [D]efendant has failed to demonstrate that the first three Barker factors weigh heavily against the Government, or that he suffered "actual prejudice" as a result of the delay, the fourth Barker factor.

(Id.)

In his Objections, Defendant argues, for the first time, that witnesses have become unavailable due to the passage of time. (Def.'s Objs. Report & Recommendation at 3-4.) Defendant states:

As the defense has investigated this case, it has learned that witnesses have become unavailable with the passage of time. Specifically, [Defendant] was arrested by Polk County authorities on August 14, 2010. At the time[, Defendant] was driving a car. There was a passenger seated in the front seat of the car, a person by the name of Silvino Piedra Duque. Mr. Silvino Piedra Duque could certainly be a trial witness regarding not only the legality of the traffic stop in this case but also testifying concerning the ownership of the drugs that were found in the car.

14

When undersigned counsel was appointed to represent [Defendant,] efforts were made to locate this witness, Silvino Piedra Duque. The efforts have been unsuccessful. It appears that the United States government deported Silvino Piedra Duque to Mexico without affording [Defendant] an opportunity to interview this witness prior to his deportation. As a result the witness is now unavailable.

Additionally, defense counsel is concerned that the substances seized in this case may have been lost or destroyed. At the time of [Defendant's] arrest by the Polk County authorities in August of 2010, Polk County officer[s] seized a white chalky substance that field tested positive for methamphetamine. Presumably this substance was sent on to the laboratory for testing. As of this writing no laboratory reports have been produced. It is possible that this physical evidence has been lost or destroyed.

(Id.)

As an initial matter, Defendant offers no excuse for his

counsel's failure to raise these arguments before Judge

15

Johnson. At a minimum, counsel should have attempted to amend or supplement the Motion to Dismiss to raise those arguments before Judge Johnson issued his Non-Final Report and Recommendation denying that Motion. Given that Defendant failed to offer specific arguments concerning prejudice before Judge Johnson issued his Non-Final Report and Recommendation, Judge Johnson correctly concluded that Defendant did not show that he suffered actual prejudice from any delay.

In any event, even considering those arguments, the Court cannot find that Defendant suffered actual prejudice from any delay. At most, Defendant's arguments concerning the potential loss of physical evidence are speculative. Defendant's assessment of the importance of

16

Mr. Silvino Piedra Duke's testimony likewise is questionable. See United States v. Clark, 83 F.3d 1350, 1354 (11th Cir. 1996) (observing that "mere conclusory allegations of impairment are insufficient to constitute proof of actual prejudice"); United States v. Burke, 673 F. Supp. 1574, 1580 (N.D. Ga. 1986) ("'[V]ague assertions of faded memory and lost witnesses without connecting this loss to any material fact in issue' will not satisfy the Barker prejudice factor.") (quoting United States v. Avalos, 541 F.2d 1100, 1115-16 (5th Cir. 1976)), aff'd, 856 F.2d 1492 (11th Cir. 1988). The Court finds that, under those circumstances, Defendant has failed to show that the delay

17

in this case violated his Sixth Amendment right to a speedy trial.[2]

For the reasons discussed above, the Court agrees with Judge Johnson that Defendant simply has not demonstrated that a violation of his Sixth Amendment rights occurred. Defendant therefore is not entitled to have this case dismissed based on an alleged violation of his Sixth Amendment rights, and the Court denies this portion of Defendant's Motion to Dismiss.

---

[2]Defendant apparently does not contend that he suffered an oppressive pretrial incarceration or anxiety and concern. See United States v. Dunn, 345 F.3d 1285, 1296 (11th Cir. 2003) (observing that defendant may demonstrate actual prejudice "in one of three days: '(1) oppressive pretrial incarceration, (2) anxiety and concern of the accused, and (3) possibility that the accused's defense will be impaired.'") (quoting Clark, 83 F.3d at 1354).

18

For the reasons discussed above, the Court finds that Judge Johnson properly recommended that the Court deny Defendant's Motion to Dismiss. The Court consequently adopts the Non-Final Report and Recommendation, overrules Defendant's Objections to the Non-Final Report and Recommendation, and denies Defendant's Motion to Dismiss.

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [27], **OVERRULES** Defendant's Objections to the Non-Final Report and Recommendation [28], and **DENIES** Defendant's Motion to Dismiss on

Speedy Trial Grounds [22].

IT IS SO ORDERED, this the 12 day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE